[Cite as *In re M.H.*, 2014-Ohio-1485.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

IN RE:                                                    CASE NO.  13-13-45

    M.H.,

[MARY H. – APPELLANT].                        O P I N I O N


IN RE:                                                    CASE NO.  13-13-46

    W.H.,

[MARY H. – APPELLANT].                        O P I N I O N


**Appeals from Seneca County Common Pleas Court**
**Juvenile Division**
**Trial Court Nos. 21250020 and 21250021**

**Judgments Affirmed**

**Date of Decision:   April 7, 2014**


**APPEARANCES:**

    *Charles R. Hall, Jr.* **for Appellant**

    *Victor H. Perez*  **for Appellee, SCDJFS**

**PRESTON, J.**

{¶1} Mother-appellant, Mary H., appeals the decision of the Seneca County Court of Common Pleas, Juvenile Division, granting legal custody of her minor child, M.H., to the child's biological father, Kenneth R., and continuing the foster-care placement of her minor child, W.H. For the reasons that follow, we affirm.

{¶2} On April 17, 2012, the Seneca County Department of Jobs and Family Services ("SCDJFS") filed complaints alleging that M.H. and W.H. were dependent and neglected children under R.C. 2151.04(C) and 2151.03(A)(2), (3). (In the Matter of M.H., Case No. 21250020, Doc. No. 1); (In the Matter of W.H., Case No. 21250021, Doc. No. 1). The complaint concerning W.H. stemmed from several incidents where three-year-old W.H. was found outside the home without adequate supervision. (Case No. 21250021, Doc. No. 1). The complaint concerning M.H. contained the same allegations concerning W.H. and additionally that Mary was physically abusive to M.H. on one occasion. (Case No. 21250020, Doc. No. 1).

{¶3} That same day, the trial court held a shelter-care hearing, placing M.H. in the temporary custody of Kenneth R. and placing W.H. in SCDJFS' temporary custody for a suitable foster-care placement. (Case No. 21250020, Doc. No. 3); (Case No. 21250021, Doc. No. 3). At the time of the filing of the complaint,

W.H.'s father, Samuel N., was homeless and reportedly disabled. (Case No. 21250021, Doc. No. 1).

{¶4} On May 15, 2012, an adjudication hearing was held, and the parties agreed that the children were dependent children under R.C. 2151.04(C). (Case No. 21250020, Doc. No. 23); (Case No. 21250021, Doc. No. 27).

{¶5} On January 30, 2013 and April 5, 2013, dispositional hearings were held before a magistrate. (Case No. 21250020, Doc. No. 79). On April 11, 2013, the magistrate issued a decision recommending that W.H. remain in SCDJFS' temporary custody for a suitable foster-care placement, and that M.H. be placed in Kenneth R.'s legal custody. (*Id.*); (Case No. 21250021, Doc. No. 75). The magistrate recommended that Mary be provided visitation with both her children. (*Id.*); (*Id.*). The trial court adopted the magistrate's decision as its own on that same day. (*Id.*); (*Id.*).

{¶6} On April 25, 2013, Mary objected to the magistrate's decision, arguing that the decision was not supported by the weight of the evidence. (Case No. 21250020, Doc. No. 80); (Case No. 21250021, Doc. No. 81). That same day, Mary also filed a motion for transcripts and motion for leave to file supplemental briefing after the transcripts were prepared, which motions the trial court granted. (Case No. 21250020, Doc. Nos. 81-84); (Case No. 21250021, Doc. Nos. 82-85).

{¶7} On July 12, 2013, Mary filed a supplemental brief on her objections, again asserting that the magistrate's decision was against the manifest weight of the evidence. (Case No. 21250020, Doc. No. 95); (Case No. 21250021, Doc. No. 94).

{¶8} On September 4, 2013, the trial court overruled Mary's objections and entered the same orders concerning the minor children. (Case No. 21250020, Doc. No. 100); (Case No. 21250021, Doc. No. 96).

{¶9} On October 4, 2013, Mary filed notices of appeal. (Case No. 21250020, Doc. No. 101); (Case No. 21250021, Doc. No. 97). Mary raises one assignment of error for our review.

**Assignment of Error**

**The trial court's dispositional order of placement for the children was against the manifest weight of the evidence.**

{¶10} In her sole assignment of error, Mary raises two distinct issues. First, Mary argues that the trial court failed to specifically find that she was an "unsuitable" parent prior to granting legal custody of M.H. to Kenneth R., M.H.'s biological father. Second, Mary argues that the trial court's dispositional placements were against the manifest weight of the evidence.

{¶11} "A juvenile court has broad discretion in the disposition of an abused, neglected, or dependent child." *In re C.W.*, 3d Dist. Wyandot No. 16-09-26, 2010-Ohio-2157, ¶ 10, citing R.C. 2151.353(A) and Juv.R. 29(D); *In re G.M.*,

8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, ¶ 14. *See also In re L.P.*, 3d Dist. Seneca Nos. 13-12-60 and 13-12-61, 2013-Ohio-2607, ¶ 20.

{¶12} Among the trial court's dispositional options is granting legal custody of the minor child to a person identified in the complaint or in a motion filed prior to the dispositional hearing. R.C. 2151.353(A)(3). Whether the trial court is issuing its first disposition or modifying its disposition, the best interest of the child is the primary consideration. *In re C.W.* at ¶ 11 (citations omitted); R.C. 2151.42(A). The trial court must also consider which situation will best promote the child's "care, protection, and mental and physical development," understanding that a child should be separated from his family environment "only when necessary for the child's welfare or in the interests of public safety." *In re C.W.* at ¶ 11, citing R.C. 2151.01(A). *See also In re L.P.* at ¶ 21.

{¶13} R.C. 2151.353 does not provide factors for the trial court to consider when determining the child's best interests in a request for legal custody. *In re E.A.*, 8th Dist. Cuyahoga No. 99065, 2013-Ohio-1193, ¶ 13, citing *In re G.M.* at ¶ 16; *In re Pryor*, 86 Ohio App.3d 327, 336 (4th Dist.1993). While not required, to determine the best interest of a child for purposes of R.C. 2151.353(A)(3), trial courts may be guided by the factors listed in R.C. 3109.04(F)(1) or 2151.414(D). *In re L.P.* at ¶ 22 (citations omitted).

{¶14} A reviewing court will not reverse the trial court's dispositional decision as being against the manifest weight of the evidence if it is supported by competent, credible evidence. *In re C.W.* at ¶ 11, citing *In the Matter of Holtgreven*, 3d Dist. Hancock No. 5-95-7, 1995 WL 368841 (June 23, 1995), citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶15} As an initial matter, Mary raises a purely legal issue: whether the trial court was required to find her "unsuitable" under *In re Perales* before awarding legal custody of M.H. to Kenneth R. 52 Ohio St.2d 89, 98 (1977). Mary did not raise this issue in her objections to the magistrate's decisions, so she has waived all but plain error. (Case No. 21250020, Doc. Nos. 80, 95); Juv.R. 40(D)(3)(b)(iv). Mary also failed to raise this issue in an assignment of error or argue plain error on appeal, so this Court could, in its discretion, disregard Mary's argument. App.R. 12(A)(1)(b). *See also In re S.H.*, 9th Dist. Lorain No. 10CA009945, 2011-Ohio-5335, ¶ 8. That being said, a trial court is not required to make a separate "unsuitability" finding at disposition, because an adjudicatory finding that a child is abused, neglected, or dependent implicitly contains an unsuitability finding. *In re C.R.*, 108 Ohio St.3d 369, 2006-Ohio-1191, paragraphs two and three of the syllabus; *In re Cunningham*, 59 Ohio St.2d 100, 102 (1979). Here, dependency was admitted by the parties. (Case No. 21250020, Doc. No. 23); (Case No. 21250021, Doc. No. 27). Furthermore, an unsuitability finding is

not required when legal custody is awarded to a biological parent, like Kenneth R. here. *In re Perales* at syllabus.

{¶16} Next, Mary—in a couple of paragraphs—argues that the trial court's dispositional placements are against the manifest weight of the evidence. In particular, Mary points out that Dr. Smith—Mary's expert witness—found that she was not any better or worse than the majority of parents, and Mary was able to learn skills to be an effective parent. (Appellant's Brief at 7). The magistrate in this case issued a 16-page decision and recommendation, which provided a synopsis of the relevant testimony of 15 witnesses. (Case No. 21250020, Doc. No 79); (Case No. 21250021, Doc. No. 74).

> {¶17} Relevant to Dr. Smith's testimony, the magistrate noted:
>
> -On cross examination, Dr. Smith did concede that the new information concerning six separate instances of law enforcement calls and DJFS involvement regarding child safety "could possibly affect her opinion". [sic]
>
> -She recounted that [Mary] reported to her only a single incident of concern, Dr. Smith reasoned on the stand that she perhaps would have benefited from additional information and history.

(*Id.*); (*Id.*). With respect to the SCDJFS' expert witness, Dr. Cruikshanks, however, the magistrate specifically noted that Dr. Cruikshanks found that Dr.

Smith's evaluation of Mary was "less comprehensive" than his evaluation, because Dr. Smith performed a single test. (*Id.*); (*Id.*). Dr. Cruikshanks concluded that Mary was unable to meet the minimum community standards of care for her children. (*Id.*); (*Id.*).

{¶18} The trial court, in its independent review of the record, noted the deficiencies with respect to Dr. Smith's opinions and report. (Case No. 21250020, Doc. No. 100); (Case No. 21250021, Doc. No. 96). The trial court further noted that "[c]onflicting and contradictory testimony from [Mary's] witnesses who after saying she was a 'good parent' all relented upon disclosure of unknown incidents regarding ongoing parental missteps." (*Id.*); (*Id.*). Furthermore, the trial court noted that Mary conceded Kenneth R. was a "good dad," and that M.H. was flourishing in Kenneth's home. (*Id.*); (*Id.*).

{¶19} Although Mary appealed the trial court's disposition of W.H., her arguments on appeal focus almost exclusively on M.H. In her original objections, Mary argued that the "Magistrate's decision is not supported by the weight of the evidence, *particularly as that decision pertains to M.H. and the motion for legal custody.*" (Emphasis added.) (Case No. 21250021, Doc. No. 81). In her supplemental brief on her objections, Mary specifically objected to the trial court's decision to award Kenneth legal custody of M.H. (Recommendation No. 10), but did not object to the magistrate's recommendation that W.H. remain in SCDJFS'

temporary custody for foster-care placement (Recommendation No. 18). (Case No. 21250021, Doc. No. 94). Mary argued in this supplemental brief that "[w]hile the evidence may have supported the continuation in the [SCDJFS] involvement and foster care for [W.H.], it did not do so for [M.H.]." (*Id.*). Under these circumstances, Mary has waived her right to assign error on appeal concerning W.H. Juv.R. 40(D)(3)(b)(iv). Mary does not allege plain error on appeal; and regardless, the trial court's disposition of W.H. did not amount to plain error.

{¶20} Given the thoroughness of the magistrate's decision and the trial court's judgment entry, it is clear that both the magistrate and the trial court appropriately weighed the evidence presented both in favor of and against Mary. Because Mary failed to preserve her manifest-weight argument relative to W.H., failed to argue plain error on appeal, and the trial court's disposition of W.H. did not amount to plain error, we overrule Mary's assignment of error relative to W.H. Because the record contains competent, credible evidence supporting the trial court's disposition of M.H., we cannot find that its disposition of M.H. was against the manifest weight of the evidence. *In re C.W.*, 2010-Ohio-2157, at ¶ 11.

{¶21} Mary's assignment of error is, therefore, overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**