[Cite as *In re E.A.*, 2013-Ohio-1193.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99065**

# IN RE: E.A., ET AL.
# Minor Children

[Appeal By K.A., Mother]

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD 12906499, AD 12906500, AD 12906501

**BEFORE:** Kilbane, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**ATTORNEY FOR APPELLANT**

Betty C. Farley
17316 Dorchester Drive
Cleveland, Ohio 44119

**ATTORNEYS FOR APPELLEES**

**For C.C.D.C.F.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor
Tammy L. Semanco
Assistant Prosecuting Attorney
4261 Fulton Parkway
Cleveland, Ohio 44144

**Guardian ad Litem**

Thomas Kozel
P.O. Box 534
North Olmsted, Ohio     44070

MARY EILEEN KILBANE, J.:

{¶1} Mother-appellant, K.A. ("mother"), appeals from the juvenile court's decision awarding legal custody of her minor children, Eri.A., Ery.A., and Eb.A., to their paternal aunt and uncle. For the reasons set forth below, we affirm.

{¶2} In April 2012, appellee, the Cuyahoga County Department of Children and Family Services ("CCDCFS") filed a complaint requesting legal custody of the children be awarded to the paternal aunt and uncle. The complaint alleged that: (1) mother has a substance abuse problem; (2) mother physically abused Ery.A.; and (3) all three children were neglected. An adjudicatory hearing was held on the matter in July 2012. At this hearing, mother admitted to an amended complaint read in open court. The court found Eri.A. and Eb.A. to be dependent and Ery.A. to be abused.

{¶3} In August 2012, the juvenile court held a dispositional hearing on the matter. Mother's admissions and the testimony provided at the hearing were incorporated into evidence. Kate McBride ("McBride"), the assigned CCDCFS social worker, provided additional testimony. McBride testified that she was assigned to this case in April 2012, after mother was arrested for punching her four year-old, Ery.A., in the face. As a result of this incident, mother was convicted of domestic violence, child endangering, and drug possession. CCDCFS then placed all three children with the paternal aunt and uncle, and they have remained in their home since that time. McBride testified the children are doing well with the paternal aunt and uncle and, over the years, have resided with them on six different occasions. McBride spoke to the children about

their current situation. While 16-year-old Eb.A. indicated to McBride that she wanted to return to her mother, 14-year-old Eri.A. indicated that she wanted to stay with her aunt and uncle because her mother made Eri.A. assist her in selling drugs. McBride testified that mother regularly visited with her children while in the custody of the aunt and uncle, but she did not assist in their care.

{¶4} CCDCFS maintained an open case with mother from 2004 to 2011, primarily due to mother's drug abuse, her repeated episodes in treatment, and subsequent arrests. From 2006-2010, Eb.A. and Eri.A. were either in court-ordered protective supervision or temporary custody. Mother has another child that was placed in permanent custody in 2008, due in part to her substance abuse problem.

{¶5} During the seven years of CCDCFS involvement, mother completed four inpatient treatment programs, and received five referrals to intensive outpatient programs. She completed only two intensive outpatient referrals. Mother failed to maintain sobriety following the completion of these programs. In addition to her recent criminal conviction, mother had been convicted in four other criminal cases involving drugs, between 2010 and 2012. Mother was sentenced to two years of probation in her most recent case.

{¶6} McBride testified the alleged father of Ery.A. has not established paternity and has not contacted CCDCFS. The father of Eb.A. and Eri.A. has not provided any care or support for his children and indicated to McBride that he wants his children to stay with the paternal aunt and uncle. McBride further testified that she did not have any concerns regarding the aunt and uncle's ability to provide for the children.

{¶7} McBride further testified that mother recently participated in substance abuse treatment for approximately 20 days. She completed parenting classes as required by her current case plan. McBride also testified that mother's scheduled weekly drug screens while on probation and two random drug screens by CCDCFS had negative results.

{¶8} At the conclusion of the hearing, the juvenile court ordered that the children be placed in the legal custody of the paternal aunt and uncle. The court stated that:

> This case has been going on in one form or another since 2004. * * * [I]n considering the factors in R.C. 2151.353 and then looking at the standard factors in 2151.414(D)(1), these facts would lay in favor of the prayer for legal custody. * * * While the Court tends to give a lot of weight to the opinions of 16-year-old kids in these cases, * * * but in this particular case[,] we have what is a dysfunctional relationship for a very long time. According to the testimony that was undisputed, the children have been with their aunt and uncle over the course of their life on six separate occasions. * * * [T]he Court * * * finds that the need for permanency is the most compelling thing here. Therefore, the Court grants this prayer for legal custody to [the paternal aunt and uncle] of all three children. The Court finds simply that this is in the best interest of these children. The Court finds the custodial issue, the wishes of the two youngest children, the need for legally secure placement, the recommendation of the guardian ad litem, and the factors in division (E). Which again, technically, I'm not required to go through those, but I would say the chronic mental chemical dependency, the parental rights termination and the extreme history here with [CCDCFS] since 2004, which would be another factor.

{¶9} Mother now appeals, raising the following two assignments of error for review.

ASSIGNMENT OF ERROR ONE

> The trial court['s] decision to grant legal custody of the children to the paternal aunt and uncle was not based on a preponderance of the evidence and therefore constitutes an abuse of discretion.

ASSIGNMENT OF ERROR TWO

The trial court's decision to grant legal custody of the children to the paternal aunt and uncle was against the manifest weight of the evidence.

Standard of Review

{¶10} A trial court enjoys broad discretion in custody proceedings because "custody issues are some of the most difficult and agonizing decisions a trial judge must make." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159. Thus, on appeal, a trial court's custody determination will not be disturbed unless the court abused that discretion. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶11} Legal custody is defined by R.C. 2151.011(B)(21) as follows:

[A] legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities.

{¶12} Legal custody is significantly different than the termination of parental rights — despite losing legal custody of a child, the parents of the child retain residual parental rights, privileges, and responsibilities. R.C. 2151.353(A)(3)(c). For this reason, the standard the trial court uses when making its determination is "preponderance of the evidence." *In re C.V.M.*, 8th Dist. No. 98340, 2012-Ohio-5514, ¶ 7. Preponderance of the evidence means "evidence that's more probable, more persuasive, or of greater probative value." *Id.*, quoting *In re D.P.*, 10th Dist. No. 05AP-117, 2005-Ohio-5097.

**{¶13}** "Unlike R.C. 2151.414(D), which sets forth specific factors that the court must consider before terminating parental rights and granting permanent custody, R.C. 2151.353(A)(3) does not independently set forth factors that the court should consider for determining the child's best interests in a request for legal custody." *In re G.M.*, 8th Dist. No. 95410, 2011-Ohio-4090, ¶ 16. Thus, the factors in R.C. 2151.414(D) are instructive when making a best-interest-of-the-child determination. *Id.*; *In re M.J.M.*, 8th Dist. No. 94130, 2010-Ohio-1674, ¶ 16. The statute instructs the court to consider:

> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
>
> (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
>
> (c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;
>
> (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
>
> (e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.[1]   R.C. 2151.414(D)(1).

---

[1]These additional factors include:   whether a parent has continuously and repeatedly failed to substantially remedy the conditions causing the child to be placed outside the child's home, and has utilized available resources; whether a parent has chronic chemical dependency that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time; whether the parent has been convicted of or pleaded guilty to certain listed offenses (which are offenses of violence, sex offenses, or offenses against children); whether the parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food; whether the parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times; whether the parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child; whether the parent for any reason is unwilling to provide food, clothing, shelter, and other basic

{¶14} In the first assignment of error, mother argues the juvenile court's decision to grant legal custody of the children to the paternal aunt and uncle was not based on the preponderance of the evidence and constituted an abuse of discretion. In the second assignment of error, she argues that the juvenile court's decision is against the manifest weight of the evidence. Mother contends that by completing her case plan and maintaining regular visits and negative drug screen, she demonstrated that she is able to provide for her children.

{¶15} A review of the record, however, demonstrates that a preponderance of the evidence existed to support an award of legal custody to the paternal aunt and uncle. Mother admitted that she has a criminal history of drug convictions. Most recently, in March 2012, she was convicted and placed on probation for domestic violence for hitting Ery.A. in the face and drug possession. Mother also admitted that she has a substance abuse problem. Eri.A. indicated that she had to assist her mother in selling drugs.

{¶16} CCDCFS maintained an open case with mother from 2004 to 2011. From 2006-2010, Eb.A. and Eri.A. were either in court-ordered protective supervision or temporary custody. Mother admitted that she has another child who was placed in permanent custody in 2008, due in part to her substance abuse problem. During the seven years of CCDCFS involvement, mother completed numerous inpatient and outpatient programs, but continued to relapse and received five referrals to intensive outpatient programs.

---

necessities for the child.

{¶17} The fathers of the children did not provide care or support, and Eb.A. and Eri.A.'s father indicated the children should stay with the paternal aunt and uncle. Furthermore, the aunt and uncle provided the children with appropriate care and shelter, and Eri.A. wanted to stay in their custody. Over the years, the children have resided with them on six different occasions and have been continuously with them since April 2012, now almost an entire year.

{¶18} In the instant case, the juvenile court considered many factors and determined that it was in the children's best interest to be placed in the legal custody of the paternal aunt and uncle. The juvenile court considered: the custodial history of the children; the children's wishes; the guardian ad litem's recommendation for legal custody; the need for legally secure placement; mother's chronic chemical dependency; the termination of parental rights of her other child; and mother's lengthy history with CCDCFS. Based on the foregoing, we find the court's determination is supported by a preponderance of the evidence. Therefore, the trial court did not abuse its discretion in rendering legal custody to the paternal aunt and uncle.

{¶19} Accordingly, the first and second assignments of error are overruled.

{¶20} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said Cuyahoga Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR