[Cite as *In re G.J.A.*, 2019-Ohio-1768.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| In Re:   G.J.A. | : | |
| | : | Nos. 107220 and 107575 |
| A Minor Child | : | |
| | : | |
| [Appeal by D.A., Mother] | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**   AFFIRMED
**RELEASED AND JOURNALIZED:**   May 9, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU03105235

### *Appearances:*

Halberg & Associates Co., L.P.A., and Leslie A. Weiss, *for appellant.*

P.B., pro se, *appellee.*

ANITA LASTER MAYS, J.:

{¶ 1}   Obligee-appellant D.A., the natural mother and custodial parent ("Mother") of G.J.A. ("Child"), appeals the judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, reducing the amount of child support to be paid by obligor-appellee P.B., the father of G.J.A. ("Father").   All parties were

represented by counsel.

{¶ 2} Agency-appellee Cuyahoga County Department of Jobs and Family Services ("CCDJFS@) declined to participate in the appellate proceedings. After filing an unsuccessful motion to dismiss the appeal, Father's counsel withdrew from representation. Father proceeds pro se before this court but has not filed a responsive brief.

{¶ 3} We affirm the trial court's judgment.

## I.    FACTS AND PROCEDURAL HISTORY

{¶ 4} On May 26, 2016, Father filed objections to the Support Order Modification Review Findings/Recommendations issued by CCDJFS and requested a hearing. The hearing was held on January 5, 2017 and on February 10, 2017, the magistrate modified the agency's child support computation and adopted the child support worksheet calculation submitted by Father. The monthly support payment was reduced from $1,416.68 to $1,008.33 retroactive to March 1, 2016.

{¶ 5} On February 24, 2017, Mother filed objections to the magistrate's decision. Mother asserts that a properly prepared request form and fee was timely filed for the two-part transcript. Mother argues the transcripts were never filed and were needed to prepare and file Mother's supplemental objections. On April 17, 2018, the trial court adopted the magistrate's decision. The April 17, 2018 trial court entry did not address Mother's initial objections. Mother appealed the judgment entry on May 23, 2018, to preserve her appellate rights. *In re G.J.A.*, 8th Dist. Cuyahoga No. 107220 (May 23, 2018).

{¶ 6} On June 28, 2018, Father moved the trial court for a final judgment. On July 18, 2018, the trial court issued a journal entry adopting the February 10, 2017 magistrate's decision and overruling Mother's objections.

{¶ 7} Also on July 18, 2018, Father moved to dismiss the pending appeal on the grounds that: (1) the appeal is untimely because the May 23, 2018 entry was dispositive of the case; (2) there is no record on the docket supporting Mother's claim that the transcripts were ordered; and (3) several years earlier during proceedings in the case, Mother failed to request a transcript to support objections. On July 24, 2018, this court denied the dismissal motion but granted the motion to withdraw filed by Father's counsel.

{¶ 8} Mother filed a second notice of appeal on August 22, 2018. *In re G.J.A.*, 8th Dist. Cuyahoga No. 107575 (Aug. 22, 2018). This court granted Mother's motion to consolidate the cases on August 29, 2018.

{¶ 9} We review the consolidated cases on appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Mother poses three assigned errors challenging the trial court's adoption of the magistrate's decision because:

I. The trial court adopted the Magistrate's Decision prior to the filing of Mother's supplemental objections.

II. The magistrate applied the incorrect standard of review for modifying an administrative child support order.

III. The magistrate based its findings, in part, on a contempt finding

against Mother for visitation interference though the matter had previously been resolved by a court order between the parties, and did not allow Mother to provide testimonial evidence pertinent to the standard of review.

## III. DISCUSSION

{¶ 11} Mother concedes that no transcript has been filed in this case.[1] "The appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision." *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, & 9, citing App.R. 9(B) and *State v. Peterson*, 8th Dist. Cuyahoga No. 96958, 2012-Ohio-87, & 7.

{¶ 12} Without the filing of a transcript or alternative record under App.R. 9(C) or (D), "[w]e presume that the trial court considered all the evidence and arguments raised." *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, & 26 (8th Dist.). "[W]e accept the factual findings of the trial court as true and limit our review to the legal conclusions of the trial court." *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 981173, 2012-Ohio-5073, & 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012-Ohio-1665, & 8.

{¶ 13} We also observe that Father failed to file a responsive brief in this case.

App.R. 18(C) does not impose a form of appellate default judgment where the court of appeals can reverse solely because the appellee failed to file a brief. Reversal is warranted only if the arguments in the appellant's brief reasonably appear to support a reversal. Contrast

---

[1] The praecipe indicates that this case has been submitted under App.R. 9(A) and not App.R. 9(B) that includes transcripts of proceedings as part of the record.

this with a different provision of App.R. 18(C) that allows the court of appeals to "dismiss" an appeal as a consequence of the appellant's failure to file a brief. The Ohio Supreme Court has found that dismissal for failure to file an appellant's brief is a "sanction." *Hawkins v. Marion Corr. Inst.*, 28 Ohio St.3d 4, 501 N.E.2d 1195 (1986).

*In re S.M.T.*, 8th Dist. Cuyahoga No. 97181, 2012-Ohio-1745, ⁊ 3.

### A. Adoption of Magistrate's Decision

{¶ 14} Mother maintains that she filled out the paperwork and paid the costs necessary to have the two-part transcript prepared and filed with the court. However, Mother states that her attorney:

> [N]ever received notice that the transcripts were filed with the Clerk of Court nor received the transcripts from the Clerk of Court, prior to the Trial Court's ruling on the Magistrate's Decision and Objections. The Clerk of Court indicated to Appellant's Attorney that it received the first transcript from [the court reporter] but that it did not receive the second transcript from [the court reporter]. Appellant's attorney never received notice that the second transcript had been completed.

> The court's docket reflects that to date, the transcripts have not been filed with the Clerk of Court. The transcripts are necessary for the Appellant to file her Supplemental Objections to the Magistrate's Decision.

> The Clerk of Court failed to file the transcript that was comprised with the first part of the proceedings.

> The [court reporter] failed to submit the second transcript to the Clerk of Court.

> The Clerk of Court never received the transcript that was comprised with the second part of the proceedings and therefore, was incapable of filing said second transcript.

Appellant's brief, p. 7. "Appellant was not able to file her Supplemental Objections without the transcripts upon which they were to be based." *Id.*

{¶ 15} The magistrate's decision contains the requisite bold language advising parties of the right to file objections:

> A party may file written objections to a Magistrate's Decision within fourteen (14) days of the filing of the Decision, whether or not the Court has adopted the Decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i) and Civ.R. 53(D)(4)(e)(i).  The objection shall be specific and state with particularity all grounds for objection.  A party shall not assign as error on appeal the Court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion or law under Juv.R. 40(D)(3)(a)(iii) unless a party timely and specifically objects to the factual finding or legal conclusion as required by Juv.R. 40(D)(3)(b) or Civ.R. 53(D)(3)(b).

Magistrate's Decision No. 0909767595 (Feb. 10, 2017.)[2]

{¶ 16} The magistrate's decision notice further advised that any objections to the magistrate's decision must be "supported by a transcript of all the evidence submitted to the magistrate relevant to that finding."  Juv.R. 40(D)(3)(a)(iii). "The objecting party shall file the transcript" "within thirty days after filing objections."  *Id.*

{¶ 17} A trial court may grant leave to allow additional time for preparation of the transcript.  *Id.*  The objecting party may also seek leave to file supplemental objections if the original objections were timely filed.  *Id.* Where a transcript is not available, the objecting party may submit an affidavit of the evidence. *Id. See also*

---

[2] Civ.R. 53 and Juv.R. 40 contain parallel provisions and similar language pertaining to magistrates' orders and decisions.  *See, e.g., In re E.B.*, 8th Dist. Cuyahoga No. 85035, 2005-Ohio-401, & 11, fn. 2 (recognizing that Civ.R. 53(E) and Juv.R. 40(E) contain "essentially the same language"). *In re H.R.K.*, 8th Dist. Cuyahoga No. 97780, 2012-Ohio-4054, & 8, fn. 1.

Civ.R. 53(D)(3)(b)(iii).

**{¶ 18}** A trial court must rule on objections that have been timely filed:

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.

*Id. See also In re I.R.Q.*, 8th Dist. Cuyahoga No. 105924, 2018-Ohio-292, & 22, citing *In re S.R.L.*, 8th Dist. Cuyahoga No. 102797, 2015-Ohio-5227, & 49.

**{¶ 19}** The trial court's review of objections is constricted where no transcript has been filed:

> Sentence one of Juv.R. 40(D)(3)(b)(iii) requires that an objection to a factual finding in a magistrate's decision, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or by an affidavit of that evidence if a transcript is not available. The Supreme Court has prescribed the consequences on appeal of failure to supply the requisite transcript or affidavit as follows: (1) "appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the [magistrate's decision]" and (2) "the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995).

**{¶ 20}** Corresponding Civ.R. 53(D)(3)(a)(iii) has been similarly interpreted. The failure to file a transcript by an objecting party requires that the trial court adopt the factual findings of the magistrate and limits the trial court's review of objections to the conclusions of law by the magistrate. *Vannucci v. Schneider*, 8th Dist. Cuyahoga No. 104598, 2017-Ohio-192, & 17, citing *In re C.L.*, 8th Dist. Cuyahoga No. 93720, 2010-Ohio-682, & 8; *Allread v. Allread*, 2d Dist. Darke No. 2010 CA 6,

2011-Ohio-1271, & 18.

{¶ 21} There is no evidence that Mother was proactive in monitoring the progress of the transcript filings or that she sought leave from the court. Parties have an affirmative duty to remain informed of the progress of their own cases. *Griesmer v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 91194, 2009-Ohio-725, & 20, citing *MBA Realty v. Little G, Inc.*, 116 Ohio App.3d 334, 338, 688 N.E.2d 39 (8th Dist.1996) ("the burden is on the parties to follow the progress of their own case"); *P. Maynard v. C. Maynard*, 8th Dist. Cuyahoga No. 43642, 1982 Ohio App. LEXIS 12307, at 4 (Feb. 11, 1982) ("appellant was duty bound to keep abreast of the docket entries").

{¶ 22} We find that the trial court did not err in rendering judgment without the transcripts. However, we do agree that the trial court was required to rule on the submitted objections as to the conclusions of law. *Vannucci* at ¶ 17; Civ.R. 53(D)(3)(a)(iii), and Juv.R. 40(D)(4)(d) "the court shall rule" on timely filed objections. This issue was ultimately rendered moot by the trial court's July 2018 entry adopting the magistrate's decision and overruling Mother's objections. "Upon review of the court file, the Magistrate's Decision and the Objections, the Court finds the Objections are not well taken." Journal entry No. 091139798 (July 13, 2018).

{¶ 23} The first assigned error lacks merit.

**B.    Standard of Review for Child Support Award**

{¶ 24} We apply an abuse of discretion standard to our review of a trial court's ruling on objections to a magistrate's decision. *In re J.M.G.*, 8th Dist. Cuyahoga No. 98990, 2013-Ohio-2693, & 9, citing *Gobel v. Rivers*, 8th Dist. Cuyahoga No. 94148, 2010-Ohio-4493, & 16.

> An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). It describes a judgment neither comporting with the record, nor reason. *Klayman v. Luck*, 8th Dist. Cuyahoga Nos. 97074 and 97075, 2012-Ohio-3354, & 12, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925). As long as the trial court's decision is supported by some competent, credible evidence, a reviewing court will not disturb it. *Brokaw v. Brokaw*, 8th Dist. Cuyahoga No. 97477, 2012-Ohio-2630, & 21, citing *Masitto v. Masitto*, 22 Ohio St.3d 63, 488 N.E.2d 857 (1986).

*Id.*

{¶ 25} "'[W]e consider the trial court's action with reference to the nature of the underlying matter.'" *Id.,* quoting *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, & 18. "'Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision.'" *Id.,* quoting *Mealey v. Mealey*, 9th Dist. Medina No. 95CA0093, 1996 Ohio App. LEXIS 1828, at 6 (May 8, 1996).

{¶ 26} Mother claims that the court used an incorrect standard of review. We construe this statement as a challenge to the methodology employed by the court in allocating the child support obligation pursuant to statute.

{¶ 27} The court determined that, for the period in question, Father earned $92,000 in salary, $77,818 in bonuses or commissions, and paid $16,668 for the

child's health insurance. Income for the Mother is listed at $41,267. The combined income of the parents exceeded $150,000 requiring computation under former R.C. 3119.04(B).[3]

> If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings.

R.C. 3119.04(B).

> {¶ 28} The statute has been interpreted to mean that the court must:

> (1) set the child support amount based on the qualitative needs and standard of living of the children and parents, (2) ensure that the amount set is not less than the $150,000-equivalent, unless awarding the $150,000-equivalent would be "unjust or inappropriate and would not be in the best interest of the child," and (3) if it decides the $150,000-equivalent is unjust or inappropriate (and awards less), then the court must journalize the justification for that decision.

*Abbey v. Peavy*, 8th Dist. Cuyahoga No. 100893, 2014-Ohio-3921, & 24, citing

*Siebert v. Tavarez*, 8th Dist. Cuyahoga No. 88310, 2007-Ohio-2643, & 31, citing

---

[3] The former version of the statute was effective until March 28, 2019. R.C. 3119.04 was substantially amended effective March 28, 2019, 2018 H.B. 366, and adopted new child support calculations and worksheets.

*Zeitler v. Zeitler*, 9th Dist. Lorain No. 04CA008444, 2004-Ohio-5551, at & 8.

{¶ 29} The court reduced the agency's modification recommendation of $1,416.68 per month to $1,008.33 per month. If the Father fails to maintain insurance, the support increases to $1,011.75 per month plus a $124.61 cash medical support payment. The modification is retroactive to March 1, 2016.

{¶ 30} The court explained:

> The court also finds that the father provides the child with many and costly extras [sic] items. The court finds that these are gifts, but makes sure she has the same items in both her mother's home and her father's home. The court also finds that mother is seeking to maintain a life style for the child that was established long before father's increase in income. It appears that the father has been assisting with maintain[ing] that life style on his own. The court also finds that the mother has income deposited in her bank account for which she cannot account nor was she able to explain the source of that income. This additional income is not included in her annual income.
>
> The court therefore finds that it is in the best interest of the child to reduce the child support amount that the child support agency calculated. The court finds that it is in the best interest of the child for the father to continue to provide gifts and other items the child needs directly from the father and through the monthly child support order.
>
> * * *
>
> The Court further finds that the Cuyahoga Job and Family Services child support calculations did not have the above information and could not consider the factors mentioned above.

Journal entry No. 0911397983 (July 13, 2018), Exhibit A, p. 1.

{¶ 31} We find that the trial court's decision is supported by competent, credible evidence as the court sufficiently addressed the elements of R.C. 3119.04(B). *Abbey* at & 24, citing *Siebert* at & 31, citing *Zeitler,* at & 8.

{¶ 32} The second assigned error lacks merit.

## C.     Child Support Award Evidentiary Determinations

{¶ 33} In the third assigned error, Mother contends the court erred by refusing to allow Mother to testify about extraordinary expenses, and by citing the parenting time dispute as part of its award determination because the visitation matter had been resolved prior to the entry:

> The court further finds that the parents have been involved in a long custody battle. That they have a typical shared parenting plan. The court further finds that the mother has been found in contempt of court for interfering with the father's parenting time and the father has additional parenting time to make up for lost time.

Journal entry No. 0911397983 (July 13, 2018), Exhibit A, p. 1.

{¶ 34} Mother has not demonstrated how recitation of the parenting dispute, or the refusal to consider Mother's additional testimony, impacts the validity of the trial court's support award.   Based on:   (1) our finding that the trial court adequately supported the award reduction, (2) the presumption of regularity of the proceedings afforded by Mother's failure to file a transcript and the resulting limitation of our analysis to the legal conclusions of the trial court, and (3) the requirement that Mother fully support her arguments in the face of Father's failure to file a responsive brief in this case, we do not find that Mother has been prejudiced.

{¶ 35} Further as to the asserted error, an error is considered harmless if it can be said that, in the absence of the error, the trier of fact would probably have made the same decision.  *Kuper v. Halbach*, 10th Dist. Franklin No. 09AP-899, 2010-Ohio-3020, & 70, citing *Crum v. Walters*, 10th Dist. Franklin No. 02AP-818,

2003-Ohio-1789, & 22, citing *Hallworth v. Republic Steel Corp.*, 153 Ohio St. 349, 91 N.E.2d 690 (1950), paragraph three of the syllabus.

{¶ 36} The third assigned error lacks merit.

## IV.  CONCLUSION

{¶ 37} The juvenile court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
RAYMOND C. HEADEN, J., CONCUR