[Cite as *In re Howland Children*, 2015-Ohio-3862.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| HOWLAND CHILDREN | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | Case No. 2015CA00113 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from Court of Common Pleas, Juvenile Division, Case No. 2013JCV00968


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      September 21, 2015


APPEARANCES:

For Appellant

JOHN JAKMIDES
325 East Main Street
Alliance, OH 44601

For Appellee

BRANDON J. WALTENBAUGH
300 Market Avenue North
Canton, OH 44702

*Farmer, J.*

{¶1}    On September 18, 2013, appellee, Stark County Job and Family Services, filed a complaint alleging two children, M.H. born December 29, 2007, and M.H. born February 23, 2009, to be neglected and/or dependent children.  Mother of the children is Tina Ibrahim nka Stremo; father is Marcello Howland.

{¶2}    On December 4, 2013, the children were found to be dependent and were placed in the custody of Ms. Ibrahim's mother, appellant herein, Jennifer Lawson.  The children were removed from this home due to improper disciplinary methods, and temporary custody was granted to appellee on April 23, 2014.

{¶1}    On October 9, 2014, appellee filed a motion for permanent custody.  A hearing was held on April 30, 2015.  By judgment entry filed May 14, 2015, the trial court terminated parental rights and granted appellee permanent custody of the children.  Findings of fact and conclusions of law were filed contemporaneously with the judgment entry.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE TRIAL COURT ERRED IN REFUSING TO GRANT MATERNAL GRANDMOTHER CUSTODY OF THE CHILDREN.  THE DECISION WAS BASED ALMOST EXCLUSIVELY ON THE DISCIPLINE METHODS EMPLOYED AS SHE ADJUSTED TO PARENTING SPECIAL NEEDS CHILDREN FOR THE FIRST TIME."

I

{¶5}    Appellant claims the trial court erred in not granting her legal custody of the children as she completed parenting classes at her own expense and was learning to adapt to new disciplinary methods.  We disagree.

{¶6}    R.C. 2151.353(A)(3) states the following in pertinent part:

> (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
>
> (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings.

{¶7}    We agree with the following analysis set forth by our brethren from the Eighth District in *In re D.T.,* 8th Dist. Cuyahoga Nos. 100970 and 100971, 2014-Ohio-4818, ¶ 19-22:

> Legal custody is significantly different than the termination of parental rights in that, despite losing legal custody of a child, the parent of the child retains residual parental rights, privileges, and responsibilities.  *In re G.M.,* 8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, ¶ 14, citing R.C. 2151.353(A)(3)(c).  In such a case, a parent's right to regain custody is not

permanently foreclosed. *In re M.J.M.* [8th Dist. Cuyahoga No. 94130, 2010-Ohio-1674] at ¶ 12. For this reason, the standard the trial court uses in making its determination is the less restrictive "preponderance of the evidence." *Id.* at ¶ 9, citing *In re Nice,* 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (7th Dist.2001). "Preponderance of the evidence" means evidence that is more probable, more persuasive, or of greater probative value. *In re C.V.M.,* 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7.

Unlike permanent custody cases in which the trial court is guided by the factors outlined in R.C. 2151.414(D) before terminating parental rights and granting permanent custody, R.C. 2151.353(A)(3) does not provide factors the court should consider in determining the child's best interest in a motion for legal custody. *In re G.M.* at ¶ 15. We must presume that, in the absence of best interest factors in a legal custody case, "the legislature did not intend to require the consideration of certain factors as a predicate for granting legal custody." *Id.* at ¶ 16. Such factors, however, are instructive when making a determination as to the child's best interest. *In re E.A.* [8th Dist. Cuyahoga No. 99065, 2013-Ohio-1193] at ¶ 13.

The best interest factors include, for example, the interaction of the child with the child's parents, relatives, and caregivers; the custodial history of the child; the child's need for a legally secure permanent placement; and whether a parent has continuously and repeatedly failed

to substantially remedy the conditions causing the child to be placed outside the child's home.  R.C. 2151.414(D).

Because custody determinations " 'are some of the most difficult and agonizing decisions a trial judge must make,' " a trial judge must have broad discretion in considering all of the evidence.  *In re E.A.* at ¶ 10, quoting *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).  We therefore review a trial court's determination of legal custody for an abuse of discretion.  *Miller v. Miller,* 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).  An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Accord, In re L.D.,* 10th Dist. Franklin No. 12AP-985, 2013-Ohio-3214; *Stull v. Richland County Children Services,* 5th Dist. Richland Nos. 11CA47 and 11CA48, 2012-Ohio-738.

{¶8}    Appellant passed a home study and was granted temporary custody of the children on December 4, 2013.  T. at 10, 24.  Appellant was cautioned by several individuals prior to receiving temporary custody of the children not to use physical discipline because the children had "already suffered some damage in their lives."  T. at 31.  After a few months, the children were removed because of appellant's use of corporal punishment with a belt against the children, leaving the children in their rooms

all day, and permitting a male friend, "Big Mike," to also discipline the children. T. at 11, 31, 58. Appellant did not object to the removal, but assented to it. T. at 12, 32.

{¶9} Appellant participated in parenting assessment and Goodwill Parenting and has paid for the services out of her own pocket. T. at 27-28, 33. However, the caseworker opined "I don't think that anything's going to make a difference" given her psychological evaluation and "this later date, she's still going in, trying to figure out when she can use physical discipline." T. at 27. After receiving education on disciplinary methods, appellant asked "if it would be acceptable to spank the children with an open hand and not with a fist or object." T. at 56.

{¶10} There was constant friction and conflict between appellant and her daughter, the mother of the children. T. at 17, 33. They have spoken "horribly about each other to the children." T. at 33. Mother perceived appellant as having an alcohol problem, and reported she had been sexually abused by one of appellant's boyfriends, disclosed the abuse to appellant, and appellant "did not believe her allegations." T. at 43-44, 57.

{¶11} Based upon appellant's poor choices of discipline with admittedly very emotionally troubled children, her on-going difficulties with the mother of the children, and her permitting her male friend to also discipline the children, the experts opined appellant was not a good placement. T. at 25, 38, 55-59, 108-110, 122-123.

{¶12} The children are placed together in an "Agency foster to adopt home" and are doing very well and their needs are being met. T. at 106-108, 124. The children are bonded to one another and their foster family. T. at 108.

{¶13} Based upon the testimony and evidence presented, we concur with the trial court's following finding of fact filed on May 14, 2015:

10. On December 04, 2013, the children were placed in the temporary custody of maternal grandmother Jennifer Lawson. The children were removed from the care of Ms. Lawson in April 2014 due to concerns that Ms. Lawson and her live in boyfriend were punishing the children using belts and other forms of corporal punishment. There were also concerns that Ms. Lawson was leaving the children in their rooms all day without food until dinner. Reasonable efforts were made to keep the children with maternal grandmother but despite removal and education on the inappropriateness of Ms. Lawson's use of corporal punishment; she was unable to grasp the fact that she could not hit the children.

Ms. Lawson's relationship with her daughter was described by Dr. Aimee Thomas, psychologist from Northeast Ohio Behavioral Health (NEOBH), as not a positive one. Dr. Thomas testified that Ms. Lawson was not supportive of her daughter and that Ms. Ibrahim felt that her mother was always at the bar and never around to care for her as a child. As a minor, Ms. Lawson let her daughter live with an unrelated adult male much older than Ms. Ibrahim at the time.

Given the foregoing facts, the Court cannot find at this time that placement of the children with Ms. Lawson would be appropriate.

{¶14} Upon review, we find the trial court did not abuse its discretion in not granting legal custody to appellant, and find the trial court did not err in finding the best interest of the children was best served with permanent custody to appellee (see this court's opinion in Stark County Case No. 2015CA00109).

{¶15} The sole assignment of error is denied.

{¶16} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 902