[Cite as *In re K.E.*, 2022-Ohio-3333.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE K.E., ET AL. | : | |
| | : | No. 111443 |
| Minor Children | : | |
| | : | |
| [Appeal by S.E., Mother] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 22, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD21906553 and AD21906554

*Appearances:*

Gregory T. Stralka, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant S.E. ("Mother") appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, awarding temporary custody of her children, Kh.E. and Ka.E., to the Cuyahoga County Department of Children and Family Services ("CCDCFS" or "agency"). After a thorough review of the law and applicable facts, we affirm the judgment of the juvenile court.

## I. Factual and Procedural History

{¶ 2} CCDCFS first became involved in this matter when Ka.E., who was one year old at the time, was found home alone in an unsafe and unsanitary environment. Law enforcement discovered Ka.E. unsupervised and in a locked room, screaming and crying. The home had ceilings that were caving in, and feces, old food, and extensive clutter were found throughout the home.

{¶ 3} On August 2, 2021, CCDCFS filed a complaint alleging that Ka.E. and Kh.E. were abused and neglected and requested predispositional temporary custody.

{¶ 4} After a hearing held the same day, the juvenile court granted the motion for predispositional custody to CCDCFS. An adjudicatory hearing was held in October 2021. The requested adjudication of abuse was deleted, and Mother entered stipulations to the complaint as amended. The children were then adjudicated to be neglected.

{¶ 5} On agreement of the parties, the court proceeded directly to disposition. CCDCFS worker Rieanna Harris testified. Harris described the case plan that had been developed to promote reunification of Mother and the children. The case plan included services for mental health, substance abuse, housing and basic needs, and parenting.

{¶ 6} Mother completed the mental health and substance abuse assessments, and no further services were recommended on these issues. Mother's parenting skills needs involved her failure to provide appropriate care and supervision for

Ka.E. and her failure to acknowledge any responsibility for the children being removed from her care. Mother had completed a parenting workshop but was required to complete an eight-week parenting course, which she had not done at the time of the hearing.

{¶ 7} Mother was in a new housing situation that was deemed appropriate. She denied that she lived in the home where Ka.E. was found but would not explain whose home it was or why Ka.E. was there. Harris testified that the housing issue remained in Mother's case plan because Mother needed to demonstrate the ability to maintain appropriate housing.

{¶ 8} Mother had weekly supervised visits with the children. Harris testified that these visits were going "okay" but that Mother engaged in manipulation where she would prompt Kh.E. to say certain things, including lying to the agency worker. During the visits, Mother focused more on Kh.E., and Ka.E. ran around doing "his own thing." Harris stated that she had to direct Mother to more closely supervise Ka.E. on several occasions.

{¶ 9} In addition, Harris testified that at the time of the hearing, Mother had not completed her case plan because the agency did not see any changed behavior, and Mother continued to engage in negative behaviors during her visits with the older child, Kh.E.

{¶ 10} The guardian ad litem for the children provided the court with a recommendation where she stated that she believed it was in the best interests of the children for temporary custody to be given to the agency.

{¶ 11} On October 14, 2021, the magistrate issued a decision, which found the children to be neglected and recommended their commitment to the temporary custody of the agency.

{¶ 12} Mother filed objections to the magistrate's decision, which were overruled by the court. The magistrate's decision was approved, the children were adjudicated to be neglected, and temporary custody was awarded to CCDCFS.

{¶ 13} Mother then filed the instant appeal, raising two assignments of error for our review:

> 1. The decision of the trial court granting temporary custody was not supported by sufficient evidence.
>
> 2. The decision of the trial court granting temporary custody was against the manifest weight of the evidence.

## II. Law and Analysis

{¶ 14} We begin our review with the recognition that the right to parent one's children is a fundamental right. *Troxel v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). *See also In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997) ("a parent's right to raise a child is an essential and basic civil right").

{¶ 15} Pursuant to R.C. 2151.353(A), when a child is adjudicated abused, neglected, or dependent, as here, the juvenile court is authorized to order a disposition for the child, which includes (1) placing the child in protective supervision; (2) committing the child to the temporary custody of the agency; (3) awarding legal custody of the child to either parent or another person; or (4) committing the child to the permanent custody of the agency.

{¶ 16} When choosing among these alternatives, the juvenile court is to be mindful of the stated purpose of R.C. Chapter 2151, which is to provide for the "care, protection, and mental and physical development of children." R.C. 2151.01(A). Whenever possible, the child is to remain in a family environment and the child should be separated from the child's parents only when necessary for the child's welfare. *Id. See also In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 29. "To that end, various sections of the Revised Code refer to the agency's duty to make reasonable efforts to preserve or reunify the family unit." *Id.*

{¶ 17} Furthermore, in choosing among the alternative dispositions authorized by R.C. 2151.353(A), the court's primary concern remains the best interest of the child. *In re Ka.C.*, 8th Dist. Cuyahoga Nos. 102000, 102002, 102005, and 102006, 2015-Ohio-1158, ¶ 19, citing *In re S.M.*, 2d Dist. Montgomery No. 24539, 2011-Ohio-6710, ¶ 3. "A trial court has substantial discretion in weighing the considerations involved in making the determination regarding a child's best interest[.]" *In re S.M.* at ¶ 4, citing *In re K.H.*, 2d Dist. Clark No. 2009-CA-80, 2010-Ohio-1609, ¶ 66.

{¶ 18} When reviewing a juvenile court's judgment in child custody cases, the Supreme Court of Ohio has stated that the "court's decision in a custody proceeding is subject to reversal only upon a showing of abuse of discretion." *In re A.J.*, 148 Ohio St.3d 218, 2016-Ohio-8196, 69 N.E.3d 733, ¶ 27, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 417, 674 N.E.2d 1159 (1997).

{¶ 19} Among the dispositional options, "[a]n award of temporary custody to a public or private children's services agency is substantially different from an award of permanent custody, where parental rights are terminated." *In re Ka.C.* at ¶ 20. Here, "the parent only loses temporary custody of a child and retains residual parental rights, privileges, and responsibilities." *Id.*, citing *In re G.M.*, 8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, ¶ 14, citing R.C. 2151.353(A)(3)(c). Furthermore, the parents may regain custody; it is not permanently foreclosed. *Id.*, citing *In re M.J.M.*, 8th Dist. Cuyahoga No. 94130, 2010-Ohio-1674, ¶ 12. "For this reason, the juvenile court employs the less restrictive 'preponderance of the evidence' standard in temporary custody cases as opposed to the 'clear and convincing' standard of evidence employed in permanent custody cases." *Id.*, quoting *M.J.M.* at ¶ 9, citing *In re Nice*, 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (7th Dist.2001).

{¶ 20} In the case at hand, Mother contends that CCDCFS failed to present sufficient evidence of Mother's neglect of her children to justify removal from her care.

{¶ 21} A review of the record in the instant case reveals that Mother stipulated to the facts alleged in the amended complaint, and the court adjudicated the children neglected. In light of her stipulations, Mother cannot now challenge that the agency failed to prove that her children were neglected. Juv.R. 29(F)(2)(a); *see also In re Lakes,* 149 Ohio App.3d 128, 2002-Ohio-3917, 776 N.E.2d 510, ¶ 70 (2d Dist.) ("In a neglect case, the juvenile court may proceed to find neglect at the

adjudication stage upon the admission of the parent charged. No other evidence is required, even when the standard is clear and convincing evidence."); *In re James C.*, 6th Dist. Lucas No. L-98-1258, 1999 Ohio App. LEXIS 3806, 30 (Aug. 20, 1999); *In re Ware*, 8th Dist. Cuyahoga No. 40983, 1980 Ohio App. LEXIS 14394, 9 (July 17, 1980) (finding that the court properly reached its finding of dependency based upon the stipulation, and no further evidence was required).

{¶ 22} Once a child has been adjudicated, the court may order the child placed in the temporary custody of CCDCFS if it finds such a disposition to be in the child's best interest by a preponderance of the evidence. R.C. 2151.353(A)(2); *see In re Cunningham,* 59 Ohio St.2d 100, 107, 391 N.E.2d 1034 (1979) ("consideration of the 'best interests' of the child" is the proper focus at the dispositional phase of child custody proceedings). Preponderance of the evidence is "'evidence that is more probable, more persuasive, or of greater probative value.'" *In re C.V.M.*, 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7, quoting *In re D.P.*, 10th Dist. Franklin Nos. 05AP-117 and 05AP-118, 2005-Ohio-5097, ¶ 1.

{¶ 23} Here, the evidence demonstrates that Mother had met certain case plan objectives but had not completed *all* of them. While Mother's current housing was deemed appropriate, Mother failed to demonstrate that she could maintain this housing. Further, there was no evidence that Mother had finished the eight-week parenting course, and the agency had concerns over her interactions with the children during her weekly supervised visits. Finally, Mother had not taken any

responsibility for the situation where Ka.E. was left alone in a dangerous environment, which was the catalyst for the removal of the children.

{¶ 24} The record further reflects that the guardian ad litem recommended that the children be placed in the temporary custody of CCDCFS.

{¶ 25} Based on the foregoing, we find that the trial court did not abuse its discretion when it determined that it was in Kh.E. and Ka.E.'s best interests to be placed in the temporary custody of the agency.

### III. Conclusion

{¶ 26} After thoroughly reviewing the entire record, we find that the juvenile court did not abuse its discretion in awarding temporary custody of the children to CCDCFS.  Both of Mother's assignments of error are overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR